UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIN DE JESUS VAZQUEZ LOPEZ,

      Petitioner,

v.                              Case No. 3:26-cv-583-MMH-SJH

MIAMI ICE FIELD OFFICE
DIRECTOR, et al.,

      Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Marin de Jesus Vazquez Lopez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on March 18, 2026. The Federal Respondents (Attorney General Todd Blanche, Secretary Markwayne Mullin,[1] and Garrett Ripa) filed a Response to Petition for Writ of Habeas Corpus (Doc. 8; Response). Respondent Warden filed a Motion to Dismiss (Doc. 9), arguing he is not a proper respondent in this case. Lopez filed a counseled Reply (Doc. 10). This case is ripe for review.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

## II. Background

According to Lopez, he is a citizen of Mexico who entered the United States in 2020. Petition at 2. On January 12, 2026, United States Immigration and Customs Enforcement detained Lopez following a traffic stop. Id. at 1–2.

## III. Analysis

The crux of Count Three of Lopez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 17.[2] As relief, he seeks, inter alia, immediate release. Id. The Federal Respondents argue that this Court lacks jurisdiction over Lopez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 3–11.

The Court is satisfied it has jurisdiction over Lopez's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the

---

[2] Because the Court finds that Lopez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2

Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Lopez entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy. [3] See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[4]).

Accordingly, it is **ORDERED**:

1.    Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count Three. Respondents shall release Lopez **within 24 hours of this**

---

[3] Insofar as Lopez requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

[4] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondents certify that they are holding Lopez under § 1225(b)(2), see Response at 2, and the Court finds that § 1225(b)(2) does not apply to Lopez. Thus, without any lawful basis for this detention, Lopez is entitled to immediate release.

**Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden, Ronnie Woodall's Motion to Dismiss (Doc. 9) is **DENIED.** <u>See, e.g.</u>, <u>Fonseca</u>, 2026 WL 1072778, at *4–5.

3.    The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count Three, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 5/28
c:
Counsel of Record

4